IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-01073-MSK-MEH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BEECH AIRCRAFT A36, FAA REGISTRATION NUMBER N5509Y, SERIAL NUMBER E-2527;
14255 HARVEST MILE ROAD, BRIGHTON, COLORADO;
30 PERKINS DRIVE, PRESCOTT, ARIZONA,

        Defendants.

_____

OPINION AND ORDER ON PENDING MOTIONS
_____

**THIS MATTER** comes before the Court pursuant to Claimant Sharon K. Armstrong's Motion for Stay of All Proceedings and Motion to Strike/Dismiss Complaint (**#45**), to which the Plaintiff United States of America responded (**#61**), the Motions to Strike Claims (**#60** & **#84**) filed by the Government, to which none of the Claimants has responded, and Claimant Larry Ray Hall's Motion to Clarify (**#81**), which was joined by the Government (**#86**). Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I. Background

This is an *in rem* civil forfeiture action. According to the Second Amended Verified Complaint (**#28**), the Government seeks forfeiture of the Defendant properties based upon alleged violations of 18 U.S.C. § 1341 by Claimants Richard and Sharon Armstrong. The Government alleges that Mr. and Ms. Armstrong filed fraudulent tax returns for tax years 2005-

2008 and obtained improper tax refunds for tax years 2005-2007.[1]  The Government alleges that Mr. and Ms. Armstrong were assisted in the fraudulent tax scheme by Curtis Morris, who prepared the suspect tax returns and supporting documentation.  The Government contends that the proceeds of the fraud were used to purchase the Defendant properties, including the Beech Aircraft, the real property at 14255 Harvest Mile Road, Brighton, Colorado ("Harvest Mile") and the real property at 30 Perkins Drive, Prescott Arizona ("Perkins Drive").  Harvest Mile was allegedly purchased after Mr. Armstrong wired funds to an account held by Claimant Larry Ray Hall, who thereafter transferred the funds to a title company in order to effect the purchase.  Harvest Mile was titled in the name of Harvest Land Trust and thereafter transferred by quitclaim deed to an entity called Foreign Enterprises.

Criminal charges were filed against Mr. Morris, Mr. Armstrong, and Mr. Hall in a case captioned *United States v. Morris, et al.*, 10-cr-00317-REB, which is still pending.  In March 2011, the charges against Mr. Hall were dismissed at the Government's request due to Mr. Hall's death.  *See* Motion to Dismiss Counts and Superseding Indictment, (#**171** in Criminal Action No. 10-cr-00317-REB).  The fact of Mr. Hall's death has not been noted or addressed in this case.

Mr. Armstrong moved for and was granted a stay of the proceedings as to his interest in the Defendant properties based on the pendency of the criminal proceedings.  (#**57**, corrected as #**59**).  Verified claims to the Defendant properties have been filed by Mr. Armstrong, Ms. Armstrong, Mr. Hall, and Foreign Enterprises.

## Analysis

---

[1] Specifically, the Government alleges that Mr. and Ms. Armstrong filed false Form 1099-OID (Original Issue Discount) documents claiming credits for federal tax income withheld from purported debt instrument purchases; in fact, according to the Government, the documents were counterfeit and no such income was ever withheld or paid to the IRS.

1.  **Motion for Stay and to Strike/Dismiss the Complaint**

Ms. Armstrong moves to strike/dismiss the Complaint filed by the Government and to stay these proceeding. Ms. Armstrong's Motion contains arguments and verbiage common to so-called "tax protesters," a variety of *pro se* litigants who dispute the jurisdiction of the federal government and the authority of the IRS to assess and collect taxes. The Government did not respond to the Motion on the merits. Rather, it asserted that Ms. Armstrong lacked standing to seek dismissal or a stay because, at the time of filing, Ms. Armstrong had not filed a claim showing that she had an interest in the Defendant properties. Thereafter, however, Ms. Armstrong filed a verified claim (#**73**).

Because the Government has not responded to the substance of the Motion, the Motion is denied without prejudice to refiling so that the issues may be fully briefed. Ms. Armstrong is advised, however, that her tax protestor arguments that have long been rejected by the federal courts as "patently frivolous." *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

2.  **Motions to Strike Verified Claims**

The Government moves to strike the verified claim filed by Mr. Hall (#**55**) and those filed by Foreign Enterprises (#**74** & #**82**). Neither Claimant has responded.

Mr. Hall's verified claim asserts an interest in the Harvest Mile property. The Government argues that the Harvest Mile property is titled to Foreign Enterprises and the claim does not identify whether Mr. Hall is claiming an interest in the property on his own behalf or as a representative of Foreign Enterprises. The Government also notes that Mr. Hall's pleading does not identify the nature of his interest in the property, other than to claim that he (and/or Foreign Enterprises) is the "rightful owner."

Because separate verified claims have been filed by Foreign Enterprises, the document at issue is construed as a claim on behalf of Mr. Hall, individually. Nonetheless, the Government's motion to strike is granted on the grounds that the verified claim (#**55**) does not demonstrate that Mr. Hall has an ownership interest in the subject property.

It is noted that Mr. Hall thereafter filed a second verified claim (#**81**), in which he asserts that he has a "contractual interest and a vested interest" in the Harvest Mile property. This notice also appears to be filed on behalf of Mr. Hall, individually. The Government has not sought to strike the second claim. Therefore, this order does not apply to the second verified claim (#**81**). However, since Mr. Hall is now deceased and no representative of his estate has indicated an intent to pursue the claim, statements of positions are requested from the parties regarding the status of Mr. Hall's individual claim and the effect of his death on these proceedings.

With respect to the claims filed by Foreign Enterprises, also concerning the Harvest Mile property, the Government argues that Foreign Enterprises a corporate entity and is not represented by counsel. The entity is apparently attempting to proceed through its Secretary, Ms. Armstrong. Corporations and other business entities must be represented in federal court by a licensed attorney. *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006). The Government argues that there is no indication that Ms. Armstrong is an attorney and that therefore the claims filed on behalf of Foreign Enterprises must be stricken.

The Motion to Strike the Verified Claims filed by Foreign Enterprises is granted on the grounds that Foreign Enterprises may not appear in this Court *pro se* or with Ms. Armstrong as its representative. Foreign Enterprises shall obtain legal counsel if it wishes to participate in these proceedings.

### 3. Motion to Clarify

Mr. Hall requests clarification as to whether the Order (**#57**) granting Mr. Armstrong's Motion to Stay "is to be understood as a stay as to the entire proceedings in this matter, affecting all defendant properties named and all claimants identified, or is such stay only effective to a lesser degree, and if so, to which defendant properties and to which claimants does the stay apply?" (**#81**, at 3). The Government does not oppose the request for clarification, noting that Ms. Armstrong, Mr. Hall, and Foreign Enterprises have not filed motions to stay but that they nonetheless appear to believe the stay applies to them as well.

Under 18 U.S.C. § 981, the civil forfeiture statute governing these proceedings, a stay of the proceedings may be granted upon a motion by a claimant "with respect to that claimant." 18 U.S.C. § 981(g)(2). Because only Mr. Armstrong moved for a stay, the order granting a stay of the proceedings applies only to him and to his claimed interest in the Defendant properties. If any of the other Claimants seeks to stay these proceedings as to their claimed interests, a separate motion will be required.

**IT IS THEREFORE ORDERED**

(1) Claimant Sharon K. Armstrong's Motion for Stay of All Proceedings and Motion to Strike/Dismiss Complaint (**#45**) is **DENIED WITHOUT PREJUDICE TO REFILING.**

(2) The Motions to Strike Claims (**#60** & **#84**) filed by the Government are **GRANTED**. The verified claims filed by Larry Ray Hall (**#55**) and Foreign Enterprises (**#74** & **#82**) are stricken. No pleadings or other documents filed on behalf of Foreign Enterprises will be accepted for filing unless filed by a licensed attorney.

(3) Claimant Larry Ray Hall's Motion to Clarify (**#81**) is **GRANTED**. The Order (**#57**, thereafter corrected as **#59**) granting Mr. Armstrong's Motion to Stay is clarified as set forth above.

(4) Within ten days of the issuance of this Order, the Government and the Claimants shall file statements of position with respect to the status of Mr. Hall's claimed interest in the Harvest Lane property and the effect of Mr. Hall's death on these proceedings going forward.

Dated this 22nd day of September, 2011

BY THE COURT:

Marcia S. Krieger
United States District Judge